*Commonwealth of Massachusetts*
# SUPERIOR COURT DEPARTMENT
## THE TRIAL COURT
### WOBURN

MICV *2012-806*

I, C. Andrew Johnson, Deputy Assistant Clerk of the Superior Court, Within and for said

County of Middlesex, do certify that the annexed papers are true copies made by photographic

process of pleadings in *2012-806* entered in the Superior Court on the *2nd* day of

*MARCH* in the year of our Lord *2012* .

In testimony whereof, I hereunto set my hand and affix seal of said Middlesex Superior Court at

Woburn in said County, this *15th* day of *May* , in the year of our Lord two thousand

Twelve.



C. Andrew Johnson
Deputy Assistant Clerk

4

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                  MIDDLESEX SUPERIOR COURT
                                               C.A. No. MICV2012-00806

---

JORGE CORREIA and CATHLEEN RUNNALS,    )
                                        )
                Plaintiffs              )          .ereby certify on 5/7/12 that the
                                        )          foregoing document is true and correct copy of the
v.                                      )          ☐ electronic docket in the captioned case
                                        )          ☑ electronically filed original filed on 5/7/12
THE TOWN OF FRAMINGHAM, SCOTT BROWN,    )          ☐ original filed in my office on_____
BRIAN BLUE, DINIS AVILA, AND            )          Sarah A. Thornton
MICHAEL STRATTON                        )          Clerk, U.S. District Court
                                        )          District of Massachusetts
                Defendants              )          By:_____
                                        )          Deputy Clerk

---

## DEFENDANTS' NOTICE OF REMOVAL OF ACTION FROM STATE COURT

Pursuant to 28 U.S.C. §1441(b) and 1446, the Defendants, the Town of

Framingham, Scott Brown, Brian Blue, and Dinis Avila, petition for removal of this

action to the United States District Court for the District of Massachusetts. As

grounds therefore, the Defendants, Town of Framingham, Scott Brown, Brian Blue,

and Dinis Avila, state as follows:

1.  On or about March 2, 2012, the Plaintiff filed this suit in the

    Middlesex Superior Court, Civil Action No. MICV 2012-00806.

2.  According to the Middlesex County Superior Court Docket, the

    Defendant Town of Framingham was served with the compaint on or

    about April 17, 2012, and the Defendant Michael Stratton was served

    with the complaint on April 23, 2012.

3.  On May 3, 2012, undersigned counsel accepted service of the

    complaint for the Defendants Brian Blue and Dinis Avila.

4.   On May 7, 2012, undersinged counsel accepted service of the complaint for the Defendant Scott Brown.

5.   Attached as Exhibit A is a copy of the Plaintiff's complaint and the summonses which were accepted by the Defendants Brian Blue, Dinis Avila and Scott Brown.

6.   The complaints reads that "[t]his is an action for money damages and other relief brought pursuant to 42 U.S.C. § 1983."

7.   Because this matter is an action arising under federal law of which this Court has original jurisdiction, as authorized by 28 U.S.C. §1331, it is subject to removal under 28 U.S.C. §1441(b).

8.   This Notice of Removal is being filed within the time period required by law, 28 U.S.C. §1446(b).

9.   All Defendants consent to the removal of this action.

> Respectfully submitted,
> The Defendants,
> The Town of Framingham, Scott Brown,
> Brian Blue, and Dinis Avila
> By their attorneys,
>
>
> */s/ Thomas R. Donohue*
> _____
> Leonard H. Kesten, BBO# 542042
> Thomas R. Donohue, BBO# 643483
> BRODY, HARDOON, PERKINS & KESTEN, LLP
> One Exeter Plaza, 12th Floor
> Boston, MA 02116
> (617) 880-7100
> lkesten@bhpklaw.com
> tdonohue@bhpklaw.com

DATED: May 7, 2012

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent this day to those participants indicated as non-registered participants.

/s/ Thomas R. Donohue
Thomas R. Donohue, BBO #643483

Dated:  May 7, 2012

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT DEPARTMENT
Civil Action No.: MICV2012-00806

JORGE CORREIA and CATHLEEN
RUNNALS,

    Plaintiffs,

v.

THE TOWN OF FRAMINGHAM, SCOTT
BROWN, BRIAN BLUE, DINIS AVILA, AND
MICHAEL STRATTION,

    Defendants



MAY 1 4 2012

CLERK

## WRITTEN NOTICE OF REMOVAL TO
## FEDERAL COURT PURSUANT TO 28 U.S.C. §1446(d)

A Notice of Removal of the above-captioned action from the Superior Court of the

Commonwealth of Massachusetts, Middlesex County, to the United States District Court

for the District of Massachusetts (a copy of which Notice is filed herewith) was duly filed

(electronically) on May 7, 2012, in the United States District Court for the District of

Massachusetts. A copy of the Notice of Removal, certified by the United States District

Court for the District of Massachusetts, having been duly filed with the Clerk for the

Superior Court of the Commonwealth of Massachusetts, Middlesex County, in accordance

with 28 U.S.C. §1446(d), the Superior Court shall proceed no further herein unless and

until the case is remanded.

Respectfully submitted,
The Defendants,
The Town of Framingham, Scott Brown, Brian Blue,
and Dinis Avila
By their attorneys,

_Thomas Donohue_

Leonard H. Kesten, BBO# 542042
Thomas R. Donohue, BBO# 643483
BRODY, HARDOON, PERKINS & KESTEN, LLP
One Exeter Plaza, 12th Floor
Boston, MA 02116
(617) 880-7100
lkesten@bhpklaw.com
tdonohue@bhpklaw.com

DATED: May 11, 2012

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of
the above document was served
upon the attorney of record for each
other party by mail-hand on 5/11/12

T. Donohue

# Brody, Hardoon, Perkins & Kesten, LLP
## Attorneys at Law

Richard E. Brody
Laurence E. Hardoon
Samuel Perkins
Leonard H. Kesten
Jocelyn M. Sedney
Jeremy I. Silverfine

**WELLESLEY OFFICE**
Naomi R. Stonberg

**OF COUNSEL**
Thomas A. Mullen

**BOSTON OFFICE**
One Exeter Plaza ◆ 699 Boylston Street
Boston, Massachusetts 02116
Telephone 617 880 7100 ◆ Facsimile 617 880 7171

**WELLESLEY OFFICE**
57 River Street ◆ Suite 106
Wellesley, Massachusetts 02481
Telephone 781 239 3337 ◆ Facsimile 781 235 9440

www.bhpklaw.com

Djuna E. Perkins
Peter E. Montgomery
Thomas R. Donohue
Kristin Tyler Harris
Gregor A. Pagnini
Evan C. Ouellette

**SENIOR COUNSEL**
Deidre Brennan Regan
Judy A. Levenson



FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE...
MAY 14 2012

May 11, 2012

Clerk of Court (Civil)
Middlesex Superior Court
200 Trade Center
Woburn, MA 01801

> RE:  Jorge Correia and Cathleen Runnals v. The Town of Framingham, Scott Brown,
> Brian Blue, Dinis Avila, and Michael Stratton
> Civil Action No.: MICV2012-00806

Dear Sir/Madam:

Enclosed herewith please find the following documents for filing and docketing in the above-referenced matter:

1. *Written Notice Of Removal to Federal Court Pursuant to 28 U.S.C. §1446(D);* and

2. A certified copy of the Notice of Removal of Action from State Court filed with the Federal Court.

Kindly forward certified copies of the documents on file with the Superior Court and a certified copy of the docket sheet to my attention as soon as possible.

Thank you for your attention and cooperation in this matter. If you have any questions, please feel free to contact me.

Very truly yours,

BRODY, HARDOON, PERKINS & KESTEN, LLP

Thomas R. Donohue

TRD:nrr
Enclosures
cc.  Christopher J. Petrini, Esq.
Leonard E. Milligan, Esq.
Rory Delaney, Esq.
Lisa Skehill Maki, Esq.

COMMONWEALTH OF MASSACHUSETTS
MIDDLESEX COUNTY SUPERIOR COURT

CIVIL DOCKET NO: MICV2012-00806-F

| | |
|---|---|
| JORGE CORREIA and CATHLEEN RUNNALS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **NOTICE OF APPEARANCE** |
| v. ) | |
| ) | |
| TOWN OF FRAMINGHAM, SCOTT BROWN, ) | |
| BRIAN BLUE, DINIS AVILA, and MICHAEL ) | |
| STRATTON ) | |
| ) | |
| Defendant. ) | |

**To the Clerk of the Above Named Court:**

Kindly enter the appearance of Christopher J. Petrini (BBO# 556848) as counsel for the

Town of Framingham in the above-referenced matter.

DEFENDANT,
TOWN OF FRAMINGHAM
By its attorney,

Christopher J. Petrini (BBO# 556848)
PETRINI & ASSOCIATES, P.C.
372 Union Avenue
Framingham, MA  01702
(508) 665-4310
cpetrini@petrinilaw.com

Dated: May 7 , 2012

## CERTIFICATE OF SERVICE

I, Christopher J. Petrini, hereby certify that on this ___th___ day of May, 2012, I caused the foregoing document to be served by hand upon the following counsel of record:

John R. Bita, III, Esq.
Milligan Coughlin, LLC
Seven Liberty Square, 2nd Floor
Boston, MA  02109


Thomas Donahue, Esq.
Brody, Hardoon, Perkins and Kesten
One Exeter Plaza
699 Boylston Street
Boston, MA  02116

_____
Christopher J. Petrini

*2012.05.04 Notice of Appearance (600-248)*



# TOWN OF FRAMINGHAM

## MASSACHUSETTS
### Office of the Town Counsel

Christopher J. Petrini,
Town Counsel
Barbara J. Saint André

Petrini & Associates, P.C.
372 Union Avenue • Framingham, MA 01702
(508) 665-4310 • Facsimile (508) 665-4313
www.petrinilaw.com

Peter L. Mello
Heather C. White
Christopher L. Brown

May 7, 2012     MAY 0 0 2012

CLERK

Office of the Civil Clerk
Middlesex Superior Court
200 TradeCenter
Woburn, MA 01801

Re:   Jorge Correia and Cathleen Runnals v. Town of Framingham, et al.
      Middlesex Superior Court, Civil Action No. 2012-00806-F

Dear Sir/Madam:

Enclosed for filing please find the following pleading:

(1)   Notice of Appearance of Christopher J. Petrini.

After you have filed the aforementioned document, kindly date stamp the enclosed copy of this letter and return it in the envelope provided for my records. Thank you.

Very truly yours,

Christopher J. Petrini

Enclosures

cc:   John R. Bita, III, Esq. (w/enclosure)
      Thomas Donahue, Esq. (w/enclosure)

*- Dedicated to excellence in public service -*

TO PLAINTIFF'S ATTORNEY:  PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

MIDDLESEX ......... , ss

No. _7 o 12 —_
_8 o 6_

_Jorge Correrera_
_Cathleen Rovos_ , Plaintiff(s)

v.

_Michael Stratton_ , Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon ..... _John Belz_ .............................

............................................. plaintiff's attorney, whose address is ......................................

_Liberty Sq. Boston MA 02109_ , an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ...................................

..... _Woburn_ ......................................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

Witness, **Barbara J. Rouse**, Esquire, at ................................................................................

the .................................._2 d_....................... day of ......... _March_.............................

....................., in the year of our Lord .......... _2012_..................... .

.......................................
**Clerk**

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

# COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
N.

Jorge Correia et al, Plff.

v.

Michael Stratton, Deft.

**SUMMONS**
(Mass. R. Civ. P. 4)

h0bh1001

**N.B. TO PROCESS SERVER:**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

..........................., 20......

_Deputy Sheriff_

**Middlesex Sheriff's Office** · Civil Division, P.O. Box 827, Framingham, MA 01701 · (508) 872-3110

*Middlesex, ss.*

April 24, 2012

I hereby certify and return that on 4/23/2012 at 2:15 PM I served a true and attested copy of the SUMMONS, COMPLAINT, CIVIL ACTION COVER SHEET, TRACKING ORDER in this action in the following manner: To wit, by leaving at the last and usual place of abode of MICHAEL STRATTON, 7 WILD Road Hopkinton, MA 01748 . Fees: Attest ($5.00) Basic Service Fee ($20.00) Postage and Handling ($1.00) Travel ($16.32) Conveyance ($3.00) Total: $45.32

# MILLIGAN | COUGHLIN

A NEW ENGLAND LAW FIRM

Seven Liberty Square – 2nd Floor, Boston, MA 02109
p 617.500.3694 | f 866.708.4703 | info@milligancoughlin.com

Leonard L. Milligan III
Christopher B. Coughlin
Candace L. Hodge
Jae Ha King
Michael J. Baer, Of Counsel
John R. Bita III, Of Counsel

April 25, 2012

Middlesex Superior Court
Civil Clerk
200 TradeCenter
Woburn, MA 01801

**RE:   Correia & Runnals v. Town of Framingham et al**
**CA No. 2012-00806 (Middlesex Super. Court)**

Dear Sir/Madam

        Enclosed please find a summons and return of service evidencing service on defendant
Michael Stratton (last and usual).

                                Very Truly Yours,

                                John R. Bita III

Enc.

TO PLAINTIFF'S ATTORNEY:  PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX ........................... , ss

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. *2012 -*
*806-F*

*Jorge Correia*
*Cathles Rouse/h* Plaintiff(s)

v.

*Town of Framingham* Defendant(s)
*et al*

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon *John Bita III —*
*Milligan Coughlin LLC* plaintiff's attorney, whose address is *7 Liberty*
*Square 2nd Fl. Boston 02109* an answer to the complaint which is herewith
served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you
fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also
required to file your answer to the complaint in the office of the Clerk of this court at ........ *Woburn* ........
............................................................ either before service upon plaintiff's attorney or within a
reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse**, Esquire, at ........ *Woburn* ........
the ........ *3rd* ........ day of ........ *March* ........
........, in the year of our Lord ........ *2012* ........ .

FOR
APR 20 2012

........ *Richard H. Sulli* ........
**Clerk**

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ...... *April  17,  2012* ..............................
20........., I served a copy of the within summons, together with a copy of the complaint in this action,
upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

...... *By  certified  mail,  return  receipt.* ......

................................................................................................................

................................................................................................................

Dated: ...... *April  19* ............     *John  Bito* ............., 20.. *12* ......

**N.B.  TO PROCESS SERVER:**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX**
**ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

(  _____  )
(  *April  17* ............, 20 *12* )
(  _____  )

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX ....., ss.

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. *2012 - 806 - 1*

*Jorge Correia T*
*Catherine Reinholds* ......, Plff.

v.

*Town of Framingham* ......, Deft.

SUMMONS
(Mass. R. Civ. P. 4)

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Town Clerk
Town of Framingham
150 Concord St
Room 105
FRAMINGHAM MA 01702

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____

B. Received by ( Printed Name)     C. Date of Delivery 4/17/12

☐ Agent
☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail     ☐ Express Mail
☐ Registered         ☐ Return Receipt for Merchandise
☐ Insured Mail       ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)     ☐ Yes

2. Article Number
(Transfer from service label)

7011 0110 0000 0391 2714

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

CENTRAL MA 019
UNITED STATES POSTAL SERVICE

17 APR 2012 PM2

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Milligan Coughlin LLC
9 Liberty Sq 2 d Floor
Boston MA 02109

JKB

# MILLIGAN | COUGHLIN

**A NEW ENGLAND LAW FIRM**

Seven Liberty Square – 2nd Floor, Boston, MA 02109
p 617.500.3694 | f 866.708.1703 | info@milligancoughlin.com

Leonard E. Milligan III
Christopher B. Coughlin
Candace L. Hodge
Jin-Ho King
Michael J. Baer, Of Counsel
John R. Bita III, Of Counsel

April 19, 2012

Middlesex Superior Court
Civil Clerk
200 TradeCenter, 1st Floor
Woburn, MA 01801

**RE:   Correia and Runnals v. Town of Framingham et al.**
**CA No.  MICV2012-00806**

Dear Sir/Madam,

Enclosed for filing please find:

1. Summons for service on defendant Town of Framingham by certified mail, return receipt.
2. USPS "green card" as proof of service on Town of Framingham.

Very Truly Yours,

John R. Bita III

Enc.

# MILLIGAN | COUGHLIN

### A NEW ENGLAND LAW FIRM

Seven Liberty Square – 2nd Floor, Boston, MA 02109
p 617.500.3694 | f 866.708.4703 | info@milligancoughlin.com

Leonard E. Milligan III
Christopher B. Coughlin
Candace L. Hodge
Jin-I la King
Michael J. Bauer, Of Counsel
John R. Bita III, Of Counsel

April 12, 2012



Valerie Mulvey, Town Clerk
Town of Framingham
150 Concord Street
Room 105
Framingham, MA 01702

BY CERTIFIED MAIL, RETURN RECEIPT
7011 0110 0000 0391 2714

**RE:   Correia and Runnals v. Town of Framingham et al.
CA No.  MICV2012-00806**

Dear Ms. Mulvey,

Pursuant to Mass. R. Civ. P. 4 (d) 4, the Town of Framingham is hereby served with the following documents in connection with above-referenced matter:

1. Copy of Summons;
2. Scheduling Order;
3. Civil Action Cover Sheet;
4. Complaint;
5. Plaintiffs' First Set of Document Requests to Defendant Town of Framingham.

Very Truly Yours,

John R. Bita III

Enc.

## THE COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss

MIDDLESEX SUPERIOR COURT

CIVIL ACTION No. _____

JORGE CORREIA and CATHLEEN RUNNALS,

Plaintiffs

v.

THE TOWN OF FRAMINGHAM, SCOTT
BROWN, BRIAN BLUE, DINIS AVILA, and
MICHAEL STRATTON

Defendants

12-0806

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX

MAR 0 2 2012

CLERK

## **COMPLAINT**

### **INTRODUCTION**

This is an action for money damages and other relief brought pursuant to 42 U.S.C. §

1983, G.L. c.12, §11, G.L. c. 258 and Massachusetts common law against Officers Brown, Blue,

Avila, and Stratton, police officers of the Town of Framingham and the Town of Boston in their

individual capacities and against their respective employers.

6446E000003/02/12CIVIL      240.00
6446E000003/02/12CIVIL      240.00
6446E000003/02/12SURCHARGE   15.00
6446E000003/02/12SECC        20.00
6446E000003/02/12SUMMONS     25.00

It is alleged that Defendant Brown indecently assaulted plaintiff Runnals and assaulted

plaintiff Correia with a deadly weapon.  Thereafter, Defendants Brown and Blue conspired to

cover up the assaults ("Conspiracy One").  Defendants Brown, Avila and Stratton further

conspired to intimidate the plaintiffs by appearing at their residence and place of employment

("Conspiracy Two") between May 3 and May 31, 2010.  It is further alleged that these violations

and torts were committed as a result of the policies and practices of the Town of Framingham

and their failure to train, supervise and discipline their officers.

1

## PARTIES

1. The Town of Framingham, Massachusetts is a municipal corporation and the public employer of Officers Brown, Blue, and Avila. The Town of Framingham is also the ultimate policy maker for the town's police department.

2. Defendant Scott Brown ("Brown") is an individual and duly appointed police officer, acting at all times relevant to this complaint, under color of law, to wit under color of the statutes, ordinances, regulations, policies, customs and usages of the Commonwealth of Massachusetts and/or the Town of Framingham.

3. Defendant Brian Blue ("Blue") is an individual and duly appointed police officer, acting at all times relevant to this complaint, under color of law, to wit under color of the statutes, ordinances, regulations, policies, customs and usages of the Commonwealth of Massachusetts and/or the Town of Framingham.

4. Defendant Dinis Avila ("Avila") is an individual and duly appointed police officer, acting at all times relevant to this complaint, under color of law, to wit under color of the statutes, ordinances, regulations, policies, customs and usages of the Commonwealth of Massachusetts and/or the Town of Framingham.

5. Defendant Michael Stratton ("Stratton") is an individual and duly appointed police officer, acting at all times relevant to this complaint, under color of law, to wit under color of the statutes, ordinances, regulations, policies, customs and usages of the Commonwealth of Massachusetts and/or the City of Boston.

2

## FACTS

6. In April 2010, Plaintiffs Jorge Correia ("Correia") and Cathleen Runnals ("Runnals") were employed as resident managers by EZ Storage at the facility located at 501 Cochituate Road, Framingham, Massachusetts (the "EZ Storage Facility").

7. On April 29, 2010, Officer Brown was on duty and drove an unmarked police vehicle from Boston to Framingham.

8. While on duty that day, Brown consumed alcohol. Brown pulled the car over at the EZ Storage Facility, alighted from the vehicle and urinated. At that time, Runnals confronted Brown.

9. Brown turned around, his penis on display, and told plaintiff Runnals that she should not be looking.

10. Brown returned to the police car, and as he began to drive away, Correia stopped his golf cart near the police car. Correia asked the officer what he was doing. Brown turned on the unmarked SUV's blue lights.

11. Brown alighted from the police car and extended his arm in Correia's direction. Brown told Correia to "move the fucking golf cart" because he was obstructing police business.

12. Brown held a gun in his outstretched hand and told Correia to get out of the way or "get shot."

13. Correia backed away from the police car and Brown drove away from the scene. Correia called the Framingham police department to report the assault.

14. As a result of that report, Officer Brian Blue attended the EZ Storage Facility and

3

interviewed Correia and Runnals about the incident.  Correia showed Blue surveillance footage of the confrontation with Brown.

15. Upon seeing the surveillance footage, Blue called Brown and discussed the allegations with him, telling Brown that there was an accusation that he had pointed a gun at a civilian.  Blue also told Brown that there was surveillance footage of the incident, but that he could not tell from the video if it was Brown on the screen.

16. Blue declined to write a report and left the premises without taking a copy of the surveillance footage.  Blue did nothing to follow up the allegation that Officer Brown had pointed a gun at a civilian without lawful excuse.  The only person to whom Blue reported the incident was the alleged assailant, defendant Brown.

17. Plaintiffs Correia and Runnals were extremely distressed by the assault of April 29th but decided to let the matter drop.  They did not want to get on the wrong side of the local police.

18. However, on May 3, 2010, the same unmarked police car which Brown had driven on April 29, 2010, pulled into EZ Storage Facility.  This time it was driven by Defendant Officer Avila.  Avila stopped the car and, when he saw Defendant Runnals, put his head out of the window and stated "police."

19. This subsequent appearance of the same unmarked police vehicle, four days after the original incident on April 29th, 2010, put plaintiffs Runnals and Correia in fear for their personal safety and caused extreme distress.  The plaintiffs decided to report the matter.

20. Within the hour, Jorge Correia called Framingham police and spoke with Lieutenant Harry Wareham.  Correia went to the police station to meet Lieutenant Wareham to make

4

a further report of the incident. At that time, Correia gave the Lieutenant copies of the surveillance footage which Blue had declined to take on April 29, 2010.

21. Framingham police department launched an inquiry into the assault of April 29, 2010. Lt. Hill and Officer Slattery were assigned to investigate. However, the police department's choice of Slattery was inappropriate: he was at the time Brown's supervisor and the two had been friends since Brown was a boy. Slattery was subsequently taken off the investigation.

22. Deputy Chief Ferguson, who had also known Brown since he was a boy, took an interest in the investigation and visited the EZ Storage Facility in company with Slattery. Following that visit, DC Ferguson and Defendant Brown had a series of approximately ten phone calls in which the two men discussed the contents of the surveillance footage.

23. As part of the internal affairs investigation, Lt. Hill attempted to interview Brown, in the presence of Deputy Chief Ferguson. Brown invoked his right under the Fifth Amendment to avoid self incrimination and refused to answer Lt. Hill's questions.

24. On May 25, 2010, Correia and Runnals received another unexpected and unwelcome visit by the police. This time the car was driven by Boston police officer Michael Stratton. Stratton drove the car into the EZ Storage Facility and turned it around. Hanging in the back of the car, and observed by plaintiff Runnals, was a police uniform.

25. On May 31, 2010, at approximately 12:30 pm, a Framingham police cruiser came down the EZ Storage driveway, pulled into a parking spot just long enough to be noticed by Correia and Runnals, and then drove away. This incident occurred despite Police Chief Carl's previous assurance to Correia and Runnals that no police vehicle, marked or

5

unmarked, would enter EZ Storage property unless requested by EZ Storage, and then only if accompanied by a Police Supervisor.

26. In the context of the indecent assault, assault with a deadly weapon of April 29, 2010 and the perceived threat of May 3, 2010, these further unexplained appearances of a police car put plaintiffs Runnals and Correia in fear for their personal safety and caused extreme distress.

27. Fearing for their wellbeing, plaintiffs Runnals and Correia quit their jobs with EZ Storage and relocated to another state. In so doing they suffered great distress, suffered ill health, sacrificed secure employment and sustained financial injury.

### COUNT ONE
### BROWN - 42 U.S.C § 1983
### Federal Civil Rights Act

28. The plaintiffs, Jorge Correia and Cathleen Runnals, re-allege paragraphs 1 – 27 of this complaint and further state a claim for damages for injuries set forth above under 42 U.S.C. §1983 against defendant Brown for violation of their constitutional rights under color of law.

### COUNT TWO
### BROWN – G.L. c. 12 §11 I
### Massachusetts Civil Rights Act

29. The plaintiffs, Jorge Correia and Cathleen Runnals, re-allege paragraphs 1 – 27 of this complaint and further state a claim for damages for injuries set forth above, under G.L. 12 §11I against defendant Brown for interference with rights secured by the U.S. Constitution and Massachusetts Declaration of Rights.

30. Brown's interference with the Plaintiffs' rights was by threats, intimidation, or coercion.

### COUNT THREE
### TOWN OF FRAMINGHAM - 42 U.S.C. § 1983
### Federal Civil Rights Act

31. The plaintiffs, Jorge Correia and Cathleen Runnals, re-allege paragraphs 1 - 27 of this

    complaint and further state a claim for damages for injuries set forth above under 42

    U.S.C. § 1983 against defendant Town of Framingham for violation of their

    constitutional rights under color of law by reason of its failure to put in place polices,

    practices, and procedures to train, supervise and discipline its police officers.

32. The Town of Framingham Police Department failed, among other things, to properly

    train and supervise its officers to maintain professional standards of conduct while on

    duty, report and investigate complaints of police misconduct, and prevent acts of

    retaliation against civilians who reported police misconduct.

33. The Town's failure to implement such policies, practices, or procedures manifested a

    deliberate indifference to the Plaintiffs' constitutional rights.

### COUNT FOUR
### TOWN OF FRAMINGHAM – G.L. c. 258
### Massachusetts Tort Claims Act

34. The plaintiffs, Jorge Correia and Cathleen Runnals, re-allege paragraphs1 - 27 of this

    complaint and further state a claim for damages for injuries set forth above under G.L. c.

    258, the Massachusetts Tort Claims Act ("MTCA"), against defendant Town of

    Framingham for negligence in the training and supervision of its police officers.

35. By a letter dated October 18, 2010, the Plaintiffs, through their attorney, sent a notice of

    claim to the Chairman of the Framingham Board of Selectmen and the Town Clerk, thus

    satisfying the notice requirement of G.L. c. 258, § 4, the jurisdictional prerequisite to

7

bringing a claim under the MTCA.

## COUNT FIVE
## CORREIA v. BROWN - ASSAULT

36. The Plaintiff, Jorge Correia, re-alleges paragraphs 1-27 of this complaint and further states a claim for damages for injuries set forth against defendant Brown for common law assault.

## COUNT SIX
## RUNNALS v. BROWN - ASSAULT

37. The Plaintiff, Cathleen Runnals, re-alleges paragraphs 1-27 of this complaint and further states a claim for damages for injuries set forth against defendant Brown for common law assault.

## COUNT SEVEN
## CORREIA v. BROWN - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

38. The plaintiffs, Jorge Correia, re-alleges paragraphs 1-27 of this complaint and further states a claim for damages for the injuries set forth against defendant Brown for intentional infliction of emotional distress.

## COUNT EIGHT
## RUNNALS v. BROWN - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

39. The plaintiff, Cathleen Runnals, re-alleges paragraphs 1-27 of this complaint and further states a claim for damages for the injuries set forth against defendant Brown for intentional infliction of emotional distress.

## COUNT NINE
## BROWN AND BLUE - FIRST CONSPIRACY TO VIOLATE 42 USC § 1983

40. The plaintiffs, Jorge Correia and Cathleen Runnals, re-allege paragraphs 1 - 27 of this

complaint and further state a claim damages for injuries set forth above under 42 U.S.C. §

1983 against defendants Brown and Blue, in that Brown and Blue conspired on April 29,

2010 to deprive Plaintiffs Correia and Runnals of their constitutional rights to substantive

and procedural due process under color of law.  As a result of this conspiracy, among

other things, no police report was written despite the fact that officer Blue attended the

scene to investigate the allegations of indecent exposure and assault with a deadly

weapon.

**COUNT TEN**
**BROWN AND BLUE – FIRST CONSPIRACY TO VIOLATE G.L. c. 12, § 11**

41. The plaintiffs, Jorge Correia and Cathleen Runnals, re-allege paragraphs 1 - 27 of this

complaint and further state a claim for damages for injuries set forth above under  G.L. .

c. 12, §11 against defendants Brown and Blue, in that Brown and Blue conspired on April

29, 2010 to deprive Plaintiffs Correia and Runnals of their constitutional rights to

substantive and procedural due process.  As a result of this conspiracy, among other

things, no police report was written despite the fact that officer Blue attended the scene to

investigate the allegations of indecent exposure and assault with a deadly weapon.

42. Brown and Blue's interference with the Plaintiffs' rights was by threats, intimidation, or

coercion.

**COUNT ELEVEN**
**BROWN, AVILA, AND STRATTON**
**SECOND CONSPIRACY TO VIOLATE 42 U.S.C § 1983**

43. The plaintiffs, Jorge Correia and Kathleen Runnals, re-allege paragraphs 1 - 27 of this

complaint and further state a claim for damages for injuries set forth above under 42

U.S.C. § 1983 against defendants Brown, Avila, and Stratton, in that, these defendants

9

conspired between the dates of May 3, 2010 and May 31, 2010 to intimidate plaintiffs by frequenting plaintiffs' home and business without cause or permission. On May 4 2010, defendant Avila visited plaintiffs' home at approximately 6:30 pm without cause or permission in order to intimidate plaintiffs. Thereafter, Stratton also visited plaintiffs home without cause or permission on May 25, 2010 in order to intimidate plaintiffs. A further unidentified officer visited on May 31, 2010.

### COUNT TWELVE
### BROWN, AVILA, AND STRATTON
### SECOND CONSPIRACY TO VIOLATE G.L. c. 12, §11

44. The plaintiffs, Jorge Correia and Cathleen Runnals, re-allege paragraphs 1 - 27 of this complaint and further state a claim for damages for injuries set forth above under G.L. c. 12, §11 against defendants Brown, Avila, and Stratton, in that, these defendants conspired between the dates of May 3, 2010 and May 31, 2010 to intimidate plaintiffs by frequenting plaintiffs' home without cause or permission. On May 4, 2010, defendant Avila visited plaintiffs' home at approximately 6.30 pm without cause or permission in order to intimidate plaintiffs. Thereafter, Stratton also visited plaintiffs' home and place of business without cause or permission on May 25, 2010 in order to intimidate plaintiffs. A further unidentified officer visited on May 31st 2010.

### RELIEF SOUGHT

WHEREFORE, plaintiffs ask this Court to:

1. Award compensatory damages for back pay, loss of future earnings, loss of seniority and harm to reputation;

2. Award damages for emotional distress, mental suffering and physical ill-health;

3. Award punitive damages;

10

4.  Award statutory attorneys' fees pursuant to 42 U.S.C. § 1988 & G.l. c. 12, § 11I costs and interest; and

5.  Award such other relief as the Court deems just and proper.

## THE PLAINTIFFS REQUEST A TRIAL BY JURY.

March ___, 2012

Respectfully submitted,

John R. Bita, III, Esq. (BBO# 667886)
Leonard E. Milligan III, Esq. (BBO # 668836)
Milligan Coughlin LLC
7 Liberty Square, 2nd floor,
Boston, MA 02109
t. 617 500 3694
jrb@milligancoughlin.com


Rory Delaney, Esq. (BBO #655666)
7 Liberty Square, 2nd floor,
Boston, MA 02109
(857) 498 0384
rory@rorydelaney.com

11

# Commonwealth of Massachusetts
## County of Middlesex
### The Superior Court

CIVIL DOCKET # **MICV2012-00806-F**

**Courtroom Civil F - Ct Rm 510- 200 TradeCenter, Woburn**

RE: **Correia et al v Framingham et al**

TO: Royston H. Delaney, Esquire
7 Liberty Square
Boston, MA 02109

## SCHEDULING ORDER FOR  A   TRACK

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated, and case shall be resolved and judgment shall issue by **02/15/2015**

| STAGES OF LITIGATION | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | 05/31/2012 | 05/31/2012 | |
| Response to the complaint filed (also see MRCP 12) | | 06/30/2012 | |
| All motions under MRCP 12, 19, and 20 | 06/30/2012 | 07/30/2012 | 08/29/2012 |
| All motions under MRCP 15 | 04/26/2013 | 05/26/2013 | 05/26/2013 |
| All discovery requests and depositions served and non-expert depositions completed | 02/20/2014 | | |
| All motions under MRCP 56 | 03/22/2014 | 04/21/2014 | |
| Final pre-trial conference held and/or firm trial date set | | | 08/19/2014 |
| Case shall be resolved and judgment shall issue by **02/15/2015** | | | **02/15/2015** |

- **The final pre-trial deadline is not the scheduled date of the conference.**
- **You will be notified of that date at a later time.**
- **Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

Dated: 03/05/2012

Michael A. Sullivan
Clerk of the Court

Telephone: 781-939-2769

# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

CIVIL DOCKET # **MICV2012-00806-F**

**Courtroom Civil F - Ct Rm 510- 200 TradeCenter, Woburn**

RE: **Correia et al v Framingham et al**

TO: John R Bita III, Esquire
Milligan Coughlin LLC
7 Liberty Square 2nd Floor
Boston, MA 02109

### SCHEDULING ORDER FOR A TRACK

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated, and case shall be resolved and judgment shall issue by **02/15/2015**

| STAGES OF LITIGATION | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | 05/31/2012 | 05/31/2012 | |
| Response to the complaint filed (also see MRCP 12) | | 06/30/2012 | |
| All motions under MRCP 12, 19, and 20 | 06/30/2012 | 07/30/2012 | 08/29/2012 |
| All motions under MRCP 15 | 04/26/2013 | 05/26/2013 | 05/26/2013 |
| All discovery requests **and depositions** served and non-expert depositions completed | 02/20/2014 | | |
| All motions under MRCP 56 | 03/22/2014 | 04/21/2014 | |
| Final pre-trial conference held and/or firm trial date set | | | 08/19/2014 |
| Case shall be resolved and judgment shall issue by **02/15/2015** | | | **02/15/2015** |

- **The final pre-trial deadline is not the scheduled date of the conference.**
- **You will be notified of that date at a later time.**
- **Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

Dated: 03/05/2012

Michael A. Sullivan
Clerk of the Court

Telephone: 781-939-2769

| **CIVIL ACTION COVER SHEET** | TRIAL COURT OF MASSACHUSETTS<br>SUPERIOR COURT DEPARTMENT | DOCKET NO. 12-1806 |
|---|---|---|
| | COUNTY OF | Middlesex |

**PLAINTIFF(S)**
Jorge Cerrera +
Cathleen Runnals

**DEFENDANT(S)**
Town of Framingham et al

Type Plaintiff's Attorney name, Address, City/State/Zip
Phone Number and BBO#

Type Defendant's Attorney Name, Address, City/State/Zip
Phone Number (If Known)

John Bitz  [BBO # 667866]
Milligan Coughlin LLC
9 Liberty Sq. 2nd Fl
Boston MA 02109

U/K

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify)    TRACK | IS THIS A JURY CASE? |
|---|---|---|
| E 19 | Civil Rights          A | [ ] Yes  [✓] No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

FILED
OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX

MAR 0 2 2012

CLERK

A.   Documented medical expenses to date:
1. Total hospital expenses                                    $
2. Total doctor expenses                                      $
3. Total chiropractic expenses                                $
4. Total physical therapy expenses                            $
5. Total other expenses (describe)                            $
                                                    Subtotal  $
B.   Documented lost wages and compensation to date           $
C.   Documented property damages to date                      $
D.   Reasonably anticipated future medical expenses           $
E.   Reasonably anticipated lost wages and compensation to date  $
F.   Other documented items of damages (describe)             $

G.   Brief description of plaintiff's injury, including nature and extent of injury (describe)
Civil rights violated by threats, intimidation
Plaintiffs forced to leave jobs and
relocated to another state              Total $ 1,000,000 "

### CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

TOTAL    $ ..............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT
N/A

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."
Signature of Attorney of Record _John Bitz_                    Date: 3/2/2012
A.O.S.C. 3-2007

MASXP-20091228

pinkneym

**Commonwealth of Massachusetts**
**MIDDLESEX SUPERIOR COURT**
**Case Summary**
**Civil Docket**

## MICV2012-00806
## Correia et al v Framingham et al

| | | | | |
|---|---|---|---|---|
| **File Date** | 03/02/2012 | **Status** | Disposed: transfered to other court (dtrans) | |
| **Status Date** | 05/14/2012 | **Session** | F - Civil F CtRm 510 (Woburn) | |
| **Origin** | 1 - Complaint | **Case Type** | E17 - Civil Rights Act (12.011H-1) | |
| **Track** | A - Average track | **Lead Case** | | **Jury Trial** Yes |

### DEADLINES

| | Service | Answer | Rule12/19/20 | Rule 15 | Discovery | Rule 56 | Final PTC | Judgment |
|---|---|---|---|---|---|---|---|---|
| **Served By** | | | 06/30/2012 | 04/26/2013 | 02/20/2014 | 03/22/2014 | | |
| **Filed By** | 05/31/2012 | 06/30/2012 | 07/30/2012 | 05/26/2013 | | 04/21/2014 | | 02/15/2015 |
| **Heard By** | | | 08/29/2012 | 05/26/2013 | | | 08/19/2014 | |

### PARTIES

**Plaintiff**
Jorge Correia
Active 03/02/2012

**Private Counsel 667886**
John R Bita III
Milligan Coughlin LLC
7 Liberty Square 2nd Floor
Boston, MA 02109
Phone: 617-500-3694
Fax: 866-708-4703
Active 03/02/2012 Notify

**Private Counsel 655666**
Royston H. Delaney
7 Liberty Square
Boston, MA 02109
Phone: 857-498-0384
Fax: 888-676-7420
Active 03/02/2012 Notify

**Plaintiff**
Cathleen Runnals
Active 03/02/2012

**Private Counsel 667886**
John R Bita III
Milligan Coughlin LLC
7 Liberty Square 2nd Floor
Boston, MA 02109
Phone: 617-500-3694
Fax: 866-708-4703
Active 03/02/2012 Notify

**Private Counsel 655666**
Royston H. Delaney
7 Liberty Square
Boston, MA 02109
Phone: 857-498-0384
Fax: 888-676-7420
Active 03/02/2012 Notify

**Commonwealth of Massachusetts**
**MIDDLESEX SUPERIOR COURT**
**Case Summary**
**Civil Docket**

# MICV2012-00806
## Correia et al v Framingham et al

| | |
|---|---|
| **Defendant**<br>Town Of  Framingham<br>Served: 04/17/2012<br>Served (answr pending) 04/17/2012 | **Private Counsel 556848**<br>Christopher J Petrini<br>Petrini & Associates PC<br>372 Union Avenue<br>Framingham, MA 01702<br>Phone: 508-665-4310<br>Fax: 508-665-4313<br>Active 05/08/2012 Notify<br><br>**Private Counsel 643483**<br>Thomas R Donohue<br>Brody Hardoon Perkins & Kesten<br>1 Exeter Plaza<br>12th floor<br>Boston, MA 02116<br>Phone: 617-880-7100<br>Fax: 617-880-7171<br>Active 05/14/2012 Notify |
| **Defendant**<br>Scott  Brown<br>Service pending 03/02/2012 | *** See Attorney Information Above *** |
| **Defendant**<br>Brian  Blue<br>Service pending 03/02/2012 | *** See Attorney Information Above *** |
| **Defendant**<br>Dinis  Avila<br>Service pending 03/02/2012 | *** See Attorney Information Above *** |
| **Defendant**<br>Michael  Stratton<br>Served: 04/23/2012<br>Served (answr pending) 04/23/2012 | |

**Commonwealth of Massachusetts**
**MIDDLESEX SUPERIOR COURT**
**Case Summary**
**Civil Docket**

## MICV2012-00806
### Correia et al v Framingham et al
ENTRIES

| Date | Paper | Text |
|------|-------|------|
| 03/02/2012 | 1.0 | Complaint & civil action cover sheet filed |
| 03/02/2012 | | Origin 1, Type E17, Track A. |
| 04/20/2012 | 2.0 | SERVICE RETURNED: Town Of Framingham(Defendant), 4/17/12, by certified mail, return receipt attached, 150 Concord St., Framingham, MA 01702 |
| 05/01/2012 | 3.0 | SERVICE RETURNED: Michael Stratton(Defendant), 4/23/12, L&U, 7 Wild Road, Hopkinton, MA 01748 |
| 05/08/2012 | | Atty Christopher J Petrini's notice of appearance for Town Of Framingham |
| 05/14/2012 | 4.0 | Case REMOVED this date to US District Court of Massachusetts by defts' The Town Of Framingham,Scott Brown, Brian Blue and Dinis Avila |
| 05/14/2012 | | Findings: Above action this day removed to U.S.District Court |