UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
JORGE CORREIA and                       )
CATHLEEN RUNNALS,                        )
                                        )
        Plaintiffs,                     )
                                        )
v.                                      )        Civil No. 12-10828-NMG
                                        )
THE TOWN OF FRAMINGHAM, et al.,         )
                                        )
        Defendants.                     )
_____)

ORDER ON MOTION TO COMPEL

March 8, 2013

SOROKIN, C.M.J.

The plaintiffs seek an order compelling defendant Michael Stratton to produce his entire

personnel file and all documents concerning any complaints made against him during his twenty-

five years as a Boston police officer.  See Doc. Nos. 39, 40.  Stratton has objected to the requests,

arguing they are overbroad, encompass private information irrelevant to this action, and seek

information that is beyond Stratton's possession, custody, or control.  See Doc. No. 41.  For the

reasons that follow, the plaintiffs' motion is ALLOWED in part and DENIED in part.

I.      BACKGROUND[1]

The plaintiffs allege that on April 29, 2010, defendant Scott Brown, a Framingham police

officer, drove his unmarked police car into the driveway of a Framingham EZ Storage facility

where the plaintiffs lived and worked, and then urinated in the driveway.  Doc. No. 1-1 at ¶¶ 6-8.

_____

[1]The facts are drawn from the plaintiffs' Complaint, Doc. No. 1-1, and the parties' briefs
related to the motion to compel, Doc. Nos. 40, 41.

When confronted by plaintiff Cathleen Runnals, Brown exposed himself and told Runnals she "should not be looking." Id. at ¶¶ 8-9. Plaintiff Jorge Correia then drove up in a golf cart, and an altercation ensued during which the plaintiffs allege Brown brandished a gun while ordering Correia to move. Id. at ¶¶ 10-12. After the plaintiffs reported the incident to the Framingham police department, defendant Brian Blue came to the EZ Storage facility to interview the plaintiffs. Id. at ¶¶ 13-14. The plaintiffs allege that, instead of completing an investigation, writing a report, or preserving surveillance footage of the incident, Blue simply notified Brown of the plaintiffs' allegations. Id. at ¶¶ 14-16.

On May 3, 2010, the plaintiffs saw the same unmarked police car that Brown had driven only days earlier pull into the EZ Storage facility. Id. at ¶ 18. This time, the car was driven by defendant Dinis Avila, who allegedly stuck his head out the window and said "police" when he saw Runnals. Id. Correia reported the incident to a Framingham police lieutenant and also provided surveillance footage from his altercation with defendant Brown. Id. at ¶ 20. An investigation ensued and the Town of Framingham subsequently prohibited its police officers from visiting the plaintiffs at the EZ Storage facility without first notifying a supervisor. Doc. No. 40 at 3. On May 25, 2010 – four days after the Town issued its order – the plaintiffs saw Stratton drive down the EZ Storage driveway in an unmarked Boston police cruiser, then turn around and leave. Doc. No. 1-1 at ¶ 24; Doc. No. 40 at 3, 4. Both Avila and Stratton claim they turned into the EZ Storage facility by mistake. Doc. No. 40 at 3, 11.

In March 2012, the plaintiffs sued the Town of Framingham and the defendant police officers, including Stratton. See generally Doc. No. 1-1. Their only claims against Stratton allege he participated in a conspiracy with defendants Brown and Avila to intimidate the

plaintiffs in violation of federal and state civil rights acts.  Id. at ¶¶ 43-44.

According to Stratton, three prior investigations related to the plaintiffs' claims have yielded no evidence demonstrating any link between Stratton and the Framingham officers.  See Doc. No. 41 at 4-5 & n.1 (referencing investigations by a county prosecutor, the Framingham police department, and a state grand jury); cf. Doc. No. 40 at 8 (noting Stratton testified at Brown's criminal trial and denied knowing Brown or the other Framingham officers).[2] Moreover, Stratton, who lives in a neighboring town, has explained his presence "during daylight business hours" at the EZ Storage facility.  Doc. No. 41 at 2, 5.  The facility is next to a shopping center that includes a pool supply store, where Stratton has shopped for several years.  Id. at 1-2. On May 25, 2010, while off duty, Stratton accidentally turned into the wrong driveway on his way to that store, then backed out and corrected his mistake.  Id. at 2.  He has provided the plaintiffs with a receipt from his visit to the store that day to support his explanation, along with receipts from similar visits to the store during the previous five years.  Id.  The plaintiffs have not disputed these facts, though they speculate that there may be information which has not been produced to them that would show Stratton lied (while under oath in state court) about his lack of a relationship with the other defendants.  See Doc. No. 40 at 8.

II.     DISCUSSION

At issue here are two requests for documents pursuant to Fed. R. Civ. P. 34.  The plaintiffs seek:

> Any and all documents that comprise or form part of [Stratton's] personnel file including the disciplinary record and any other documents concerning [his] hiring, training, duties, performance, assignments and mental condition.  This request is

---

[2]Stratton has not been charged with any crimes arising from these incidents.

not limited to any given time period, but extends through the entirety of [his] association with [the] police department for the City of Boston or any other police departments.

      *      *      *

Any and all documents concerning any complaints against [Stratton] whether formal or informal, including but not limited to: (a) documents in any file maintained by Internal Affairs; (b) documents concerning any and all incidents listed in your disciplinary records; (c) any and all Internal Affairs reports and documents concerning the allegations in the instant complaint, including but not limited to reports of interviews, notes, photographs, audio and visual recordings.

Doc. No. 40-1 at 3-4.

These requests are far too broad. First, Stratton has been a police officer for twenty-five years, and the plaintiffs have not suggested a reasonable basis for believing documents spanning "the entirety of" his career are relevant and discoverable here. Second, even accepting all of the plaintiffs' allegations, Stratton's involvement in the series of incidents described in the complaint was relatively limited, and the various investigations and legal proceedings related to the incidents apparently have not revealed any evidence to substantiate or amplify the plaintiffs' allegations with respect to him. Indeed, it appears as though testimony in the prior proceedings and the discovery Stratton has produced to date substantially undermines the plaintiffs' claims against him. Finally, the plaintiffs characterize the basis for these requests in a relatively limited manner, citing their right to know if Stratton "has maintained a blemish-free record during his lengthy career," Doc. No. 40 at 8, their desire to learn whether the personnel file contains information showing that Stratton and Brown "may well have worked together in the past," id., and the possibility that the disciplinary and Internal Affairs files might contain evidence showing "motive, intent, plan, knowledge or absence of mistake," Doc. No. 40 at 10-11.

Considering all of these circumstances, the plaintiffs are not entitled to the sweeping

categories of documents they have sought.  They are, however, entitled to a more focused subset

of such documents.  Stratton concedes as much.  See Doc. No. 41 at 8-9.  Documents from the

various files at issue related to Brown, any of the other Framingham defendants, the Framingham

police department, the plaintiffs, the EZ Storage facility, or the incidents at issue here, if such

documents exist, are plainly relevant and discoverable.  The same is true for any documents

related to complaints made against Stratton, insofar as those complaints were sustained or

substantiated, resulted in discipline against him, and involved allegations of untruthfulness.

The only question remaining, then, is whether such documents are within Stratton's

possession, custody, or control.  See Fed. R. Civ. P. 34(a)(1).  Under Massachusetts law, Stratton

has a right to obtain certain information from his personnel file upon demand.  See Mass. Gen.

Laws ch. 149, § 52C ("An employee shall be given a copy of the employee's personnel record

within 5 business days of submission of a written request for such copy to the employer.").  Such

information is within Stratton's "control" for purposes of Rule 34.  See Rosie D. v. Romney, 256

F. Supp. 2d 115, 119 (D. Mass. 2003).  The same cannot be said for information maintained in

other sorts of employee files, including Internal Affairs complaint files, that are maintained

separately from a "personnel file," as that term is used in § 52C.  Neither the Boston Police

Department nor the City of Boston is a party to this action.

Thus, to the extent Stratton's personnel file contains information that is responsive to the

plaintiffs' requests, as the Court has limited them, he must request and produce it.  See Universal

Commc'n Sys., Inc. v. Lycos, Inc., 478 F.3d 413, 425 (1st Cir. 2007) (noting district court has

"broad discretion in managing discovery").  To the extent the Boston Police Department

possesses other information responsive to the plaintiffs' requests, as the Court has limited them, but will not provide them to Stratton, such information is beyond the scope of Rule 34.

III.   CONCLUSION

Accordingly, it is hereby ORDERED that the plaintiffs' motion to compel (Doc. No. 39) is ALLOWED in part and DENIED in part.  Defendant Stratton shall request from his employer, and then produce to the plaintiffs, portions of his personnel file responsive to the requests, as narrowed by the Court herein.  In all other respects, the motion is DENIED, as the materials sought are not within Stratton's possession, custody, or control.

SO ORDERED.


  /s/ Leo T. Sorokin
Leo T. Sorokin
Chief U.S. Magistrate Judge