UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
JORGE CORREIA, et al.,              )
                                    )
    Plaintiffs,                     )
                                    )
v.                                  )    Civil No. 12-10828-NMG
                                    )
THE TOWN OF FRAMINGHAM, et al.,     )
                                    )
    Defendants.                     )
_____ )

ORDER ON DEFENDANTS' MOTION TO QUASH (DOC. NO. 71)

July 22, 2013

SOROKIN, C.M.J.

The defendants have moved to quash a subpoena served by the plaintiffs on Verizon Wireless seeking the cell phone records of certain detectives in the Framingham Police Department during a time period relevant to the claims in this action. See Doc. No. 71. For the reasons that follow, the defendants' motion to quash is DENIED.

I.    BACKGROUND[1]

The plaintiffs allege that on April 29, 2010, defendant Scott Brown, a Framingham police officer, drove his unmarked police car into the driveway of a Framingham EZ Storage facility where the plaintiffs lived and worked, and then urinated in the driveway. Doc. No. 1-1 at ¶¶ 6-8. At the time, he was accompanied by his partner, Officer Leonard Pini.[2] Doc. No. 72 at 3-4. When confronted by plaintiff Cathleen Runnals, Brown exposed himself and told Runnals she

---

[1] The facts are drawn from the plaintiffs' Complaint, Doc. No. 1-1, and the parties' submissions related to the pending motion.

[2] The plaintiffs have moved to amend the complaint to add Pini as a defendant. Doc. No. 52. That motion will be the subject of a separate Report and Recommendation by the Court.

"should not be looking." Doc. No. 1-1 at ¶¶ 8-9. Plaintiff Jorge Correia arrived and an altercation ensued, during which the plaintiffs allege Brown brandished a gun while ordering Correia to move. Id. at ¶¶ 10-12. After the plaintiffs reported the incident to the Framingham police department, defendant Brian Blue interviewed the plaintiffs. Id. at ¶¶ 13-14. The plaintiffs allege that, instead of investigating, writing a report, or preserving surveillance footage of the incident, Blue simply notified Brown of the allegations. Id. at ¶¶ 14-16.

Meanwhile, Brown and Pini went to dinner with other local officers, including detectives Derosa and Gutwill, at a nearby restaurant. Doc. No. 72 at 6. The incident involving the plaintiffs was discussed among at least some attendees at the dinner. Id. The following morning, Lieutenant Slattery called Brown from his vacation home in Maine; the substance of the conversation is unknown. Id.

On May 3, 2010, the plaintiffs saw the same unmarked police car that Brown had driven days earlier pull into the EZ Storage facility. Doc. No. 1-1 at ¶ 18. This time, the driver was defendant Dinis Avila, who allegedly stuck his head out the window and said "police" when he saw Runnals. Id. Correia reported the incident to police and also provided surveillance footage from his altercation with defendant Brown. Id. at ¶ 20. An investigation ensued. Doc. No. 72 at 7. Within an hour of the investigation's inception, Slattery had called Brown several times, including once while Brown was at breakfast with Pini and Derosa. Id. The plaintiffs have adduced evidence showing frequent phone calls among Brown, Pini, Derosa, and Slattery during the early stages of the internal affairs investigation, including leading up to Pini's interview by investigators (wherein Pini lied about having spoken with Brown earlier that day). Id. at 7-8. Derosa and Gutwill also were interviewed during the internal affairs investigation. Id. at 8, 11.

The phone records already available to the plaintiffs – apparently as a result of a document production by the Middlesex County District Attorney's Office – are limited to those for Brown, Pini, and Blue, and span April 29 through May 10, 2010.  Id.  The internal affairs investigation continued beyond May 10, 2010, and the plaintiffs also allege further intimidation and harassment by local police related to the incident continuing after that date.  Id. at 8-9.

The defendants declined to produce additional phone records, so the plaintiffs served a subpoena on Verizon.  Id. at 9.  The subpoena sought records for calls made between April and early June 2010 on department-issued cell phones belonging to Brown, Pini, Slattery, Derosa, and Gutwill.  Id.

## II.     DISCUSSION

The defendants seek to quash the subpoena on several grounds, each of which is flawed.  First, the defendants argue disclosure of the records "may" expose the identities of confidential informants or undercover police officers.  Doc. No. 71 at 4.  However, the plaintiffs agree the records would be designated "confidential" and subject to the protective order already governing discovery in this action.  Doc. No. 72 at 18-20; see Doc. No. 32.  Such treatment appears to ameliorate the defendants' concerns regarding protection of confidential law-enforcement information.  To the extent the defendants believe the protective order is insufficient to eliminate their concerns, they may negotiate with the plaintiffs and Verizon a procedure whereby the defendants are permitted to review the requested records and redact information that would expose confidential informant or undercover officer identities.  If necessary, the defendants may seek a further order from this Court to effectuate such a procedure.

Second, the defendants suggest the records are irrelevant to this action, claiming they

belong to "non-party police detectives." Doc. No. 71 at 1-2. That characterization, however, is not accurate, as some of the records sought belong to defendant Brown. Moreover, the plaintiffs have established a factual basis (summarized above) demonstrating each of the other four detectives whose records are at issue knew about the incident involving the plaintiffs and were involved in the internal investigation related thereto. Under the circumstances, the Court is satisfied that the records sought appear "reasonably calculated to lead to the discovery of admissible evidence" related to the pending claims. Fed. R. Civ. P. 26(b)(1).

Finally, the defendants challenge the subpoena by arguing the plaintiffs' claim of a police conspiracy to harass and intimidate them is not "a cognizable cause of action." Doc. No. 71 at 2. No motion to dismiss, however, was filed on this basis in response to the Complaint. Although there are pending motions for summary judgment, those motions have not been resolved. As such, the claims remain pending, and the defendants' motion to quash is not an appropriate forum in which to litigate the legal sufficiency of the plaintiffs' causes of action. In any event, the defendants have conceded that the plaintiffs' tort claim of assault against Brown "should survive summary judgment." Doc. No. 60 at 1 n.1. The phone records at issue may contain or lead to information relevant to the assault claim.

III. <u>CONCLUSION</u>

Accordingly, the defendants' motion to quash (Doc. No. 71) is DENIED. Should the defendants wish to review the records and redact information related to confidential informants, and should they require a further order from this Court in order to do so, they may file an appropriate motion within seven days. Otherwise, Verizon shall provide the plaintiffs with

documents responsive to their subpoena within twenty-one days.

                                             SO ORDERED.

                                        /s/ Leo T. Sorokin
                                        Leo T. Sorokin
                                        Chief U.S. Magistrate Judge